570 So.2d 397 (1990)
Zennie Lee HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1092.
District Court of Appeal of Florida, Third District.
November 20, 1990.
*398 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before FERGUSON, COPE and LEVY JJ.
PER CURIAM.
Zennie Lee Harris, the defendant, appeals his convictions of second-degree murder and possession of a firearm during the commission of a felony.
In January of 1988, police officers were summoned to an OpaLocka boarding house to investigate a reported shooting. The officers were met by the defendant outside of the boarding house. When the first officer arrived, the defendant led him into a room where a dead woman was found lying on a bed naked with a gun in her hand. The cause of death was a gunshot wound to the head. The defendant admitted that the gun was his.
In a recorded statement, the defendant told an investigating officer, Detective Remley, he was in the same room as the victim when the shot occurred and that he struggled with the victim to remove the gun from her. According to this statement, the gun discharged and the bullet struck the victim. Later, the defendant gave an unrecorded statement wherein he said he struggled with the victim to take the gun away from her and, in his anger, stepped back and fired a shot at her.
The defendant urges several errors on appeal. At the charge conference the court ruled, over defense counsel's objection, that in giving an instruction on manslaughter, as a lesser-included offense, there were no facts in the record to support the defendant's theory of culpable negligence and, therefore, the definition of culpable negligence would not be read to the jury. Both the defendant and the State agreed that the jury should be instructed on manslaughter as a lesser-included offense of the crime of second-degree murder. However, the court refused to instruct the jury on the definition of culpable negligence which is an act included within the definition of manslaughter.[1] The defendant *399 has maintained that the shooting was accidental, in that his gun went off during a struggle to remove it from the victim's unauthorized possession.
It is fundamental that the trial court should give a "sufficiently complete and accurate" instruction so as not to "negate the defendant's theory of defense." Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986). Unless the evidence in the record unmistakably supports only the State's theory, that the defendant's act was voluntary, the trial court is obligated to instruct the jury on, and define, culpable negligence. Reed v. State, 531 So.2d 358 (Fla. 5th DCA 1988). Upon our review of the record, we find there was support for the defendant's theory of an involuntary killing. Accordingly, we hold it was error for the trial court not to instruct the jury on culpable negligence. As a result thereof, the defendant is entitled to a new trial.
Turning to a different point, we find it necessary to discuss additional matters raised by the defendant in order to provide guidance to the lower court for future trials. It was wrong for the prosecutor to argue to the jury that the fact that an assistant state attorney signed the Information reflected that the prosecution was brought in good faith. The Information filed by the prosecutor is not evidence and, accordingly, should not be argued to the jury.
Although a reasonable inference could be drawn from several of defense counsel's arguments, made at trial, that the prosecutor's conduct in prosecuting this case evidenced a lack of good faith, the prosecutor stepped beyond the bounds of propriety. In effect, the prosecutor made herself a witness by arguing to the jury her personal opinion that the Information must be believed because it had been sworn to as being filed in good faith by the prosecution. See Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982) (error for counsel to express personal opinions or personal beliefs in credibility of witness). A prosecutor is certainly entitled to respond to charges of prosecuting in bad faith. However, there are limits to the responsive measures that can be taken. Clearly, those limits were exceeded here.
Our next concern relates to the State's evidence of the defendant's prior drug use. Despite a pretrial ruling that any evidence of the defendant's drug use would be inadmissible at trial, Detective Remley testified that during his investigation of an earlier and unrelated shooting death, in which the defendant was a suspect, the defendant stated he had been drinking and smoked crack cocaine on the night of the unrelated incident. While the prosecution did not affirmatively elicit this evidence from the detective's testimony, it was in contravention of a direct and express pretrial ruling that such evidence would not be admissible. The prosecutor has an affirmative duty to apprise all of the State's witnesses of the nature and effect of the trial court's pre-trial evidentiary rulings so as to prevent violations of those rulings. There is nothing in the record indicating that the prosecutor took these steps in this case. The introduction of the above-described testimony was a clear violation of the court's pre-trial ruling. However, rather than professionally accepting the fact that the trial court had already ruled on the point, the record reflects that defense counsel's objection was met by the prosecutor's reargument, to the trial court, that the evidence previously ruled inadmissible was, in fact, admissible.
Finally, we find no merit in the defendant's argument concerning the trial court's exclusion of evidence regarding the victim's drug abuse. The trial court's ruling *400 in that regard was correct and should not be disturbed.
Reversed and remanded for a new trial.
NOTES
[1] Section 782.07, Florida Statutes (1988), provides:

Manslaughter  The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.