PER CURIAM.
The Defendant appeals his conviction and sentence on three counts of trafficking in hydrocodone and one count of purchase of diazepam. We reverse and remand on the trafficking in hydrocodone counts pursuant to Hayes v. State, 750 So.2d 1 (Fla.1999). Additionally, we reverse and remand with regard to the purchase of dia-zepam count based on the introduction of testimony, which was unresponsive, prejudicial, and hearsay.
At trial, the defense questioned Detective McElhaney, an undercover officer who obtained fraudulent prescriptions from the Defendant, as follows: ■
[DEFENSE]: Why didn’t you, this is my problem, why didn’t you just tell the Doctor at that point, Doctor, I have no pain, leave me alone. Why didn’t you? Why?
[McELHANEY]: Because, ma’am I had received information — ■
[DEFENSE]: That is not the question.
THE COURT:. Hold on. Let the witness finish her response.
[STATE]: Judge, she asked her a why question, she has , to get the response.
[DEFENSE]: If we are here to talk about hearsay, it’s inadmissible. It’s just to poison the minds of the jury.
[STATE]: Judge, that’s inviting a question.
THE COURT: When you ask a .why question, you invite a response by.the witness. Ma’am, you may complete your response.
[McELHANEY]: Thank you, sir. I had received information that all I had to do was go into the Doctor by referral from a known patient of his and hey, that I could get whatever I wanted.
That if I wanted anything stronger than a schedule three, which would be *942 Lorcet- or whatever, I would have to produce an MRI or an x-ray. So I was going based on that information.
If I had walked in there and said I just want to buy some prescriptions from you, he would not’ have done it according to the information I received.
[DEFENSE]: Are you aware that the State has provided a list of witnesses that they intend to prove this case, you know that, right?
[McELHANEY]: The State has witnesses, yes, ma’am.
[DEFENSE]: Nowhere on that list do you have this person that you’re referring to that gave you this hearsay information that would come in here and tell these lies that you’re telling to the jury about information? You refuse the person’s name. Is not on that list as a witness.
[STATE]: Judge, I will object to the form of the question. Tell these lies to the jury. I ask counsel to rephrase.
THE COURT: Sustained. Mrs. Chuk-wuma [Defendant’s counsel], you don’t have to raise your voice at the witness. We can all hear your questions if you speak in a normal tone.
[DEFENSE]: Is it proper for her to refer to hearsay that she can’t prove.
THE COURT: You ask a why question, you open the door to the response.
[DEFENSE]: And this was the same way you also heard that the Doctor was trading sex for prescriptions and the Doctor never made sexual advances to you, correct?
[McELHANEY]: Yes, ma’am, I had received numerous Crime Stoppers alerts and numerous complaints.
[DEFENSE]: I don’t care—
[STATE]: Judge, would the witness—
[DEFENSE]: My question is this—
[STATE]: Judge, I have an objection. Would the witness please be allowed to finish her response?
THE COURT: The objection is, sustained. Ma’am complete your response.
[McELHANEY]: Thank you.
[DEFENSE]: Okay. You received—
[STATE]: Judge—
THE COURT: Whoa, the witness shall be given an opportunity to complete her response.
[McELHANEY]: I had received numerous Crime Stoppers alerts regarding the activities of Dr. Metelus [Defendant] from individuals identifying themselves as former members or patients that were asking the Sheriffs Office to cease and desist his activities. In the course of my investigation -
[DEFENSE]: Judge, I move for a mistrial right now. You know this cannot be — there’s no other thing she’s saying this other than to prejudicial [sic] the jury. And she knows she cannot prove what she is saying, otherwise those witnesses would file in here against this Doctor to prove his case.
THE COURT: Your objection is overruled. Finish your response.
.[McELHANEY]: I referenced some local pharmacies regarding the uniting practices and the severe increase of heavy narcotic prescriptions from Dr. Metelus. That was the information that I was following up on.

Many of the Crime Stoppers alerts, in fact, 99 percent of them do not give their name. They’re anonymous complaints and that’s the way Crime Stoppers works.

I received information from the Drug Enforcement Administration that they had received information and complaints on Dr. Metelus. I had received information from the agency for Health Care Administration that they had received complaints on Dr. Metelus. That’s why I went in there in the capacity of an undercover officer.

The questioning and testimony relevant to this appeal is that which is underlined above. Detective McElhaney’s testimony *943 was clearly unresponsive to the defense counsel’s compound question regarding trading sex for prescriptions. While it would have been proper for Detective McElhaney to testify that she had received information or was acting on a tip, it was not necessary for her to relay to the jury that Crime Stoppers had received numerous alerts about the Defendant.
In addition, the testimony constitutes hearsay and its probative value is substantially outweighed by its prejudice. See §§ 90.403, 90.801-.802, Fla. Stat. (1997). Generally, police witnesses are permitted to testify that they were acting on a tip, but are not permitted to provide details of the tip unless some exception to the hearsay rule exists. See Fluellen v. State, 703 So.2d 511, 512 (Fla. 1st DCA 1997). “When the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great.” State v. Baird, 572 So.2d 904, 908 (Fla.1990).
Here, Detective McElhaney was explaining the sequence of events leading up to the Defendant’s arrest. We conclude that the testimony was not only unresponsive and inadmissible hearsay, but that it served no purpose other than to prejudice the jury. As such, the admission of the testimony was error.
In addition, because the nature of the testimony was such that the jury could have considered the testimony with respect to all charges against the Defendant, we cannot say the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, we reverse and remand.
REVERSED AND REMANDED.
GUNTHER, TAYLOR, and HAZOURI, JJ., concur.