885 So.2d 1010 (2004)
Joseph CARTWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1272.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
*1011 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Joseph Cartwright appeals his conviction for burglary of a dwelling. He contends that the trial court erred in denying his motions for mistrial made after the court allowed: (1) the victim's testimony about a prior burglary at his home; (2) testimony concerning the defendant's possession of marijuana while in the victim's *1012 home; and (3) improper closing argument by the state.
When Sean Brammer, a Florida state trooper, pulled into the parking lot of his Lauderhill condominium around 8:00 p.m. on June 4, 2002, he noticed that a bedroom light was on. As he entered the front porch door, he saw the living room light go out. Moments later, he saw the defendant open the kitchen door and stick his head out. Brammer had never seen the defendant before. He drew his firearm, identified himself as a law enforcement officer, and asked the defendant what he was doing there. The defendant replied that he was there visiting his "sister." He was barefoot and wearing only a tank top and shorts. The house had not been ransacked. Brammer held the defendant at gunpoint until the police arrived.
Brammer testified that he changed the locks to his condominium when he moved there in November 2001. He testified, over defense objection, that he changed the locks a second time when his condominium was broken into two weeks before this incident. On that occasion, entry was gained through a window, and a TV/VCR and CD player were stolen. This time, it appeared that entry was again made through a window after removal of a screen and jalousie window pane.
The defendant testified at trial. He said that the previous resident of the condominium, Alisha Milligan, had given him a key to the condominium. She was a friend of his, whom he called his "sister" in the Rastafarian tradition. Because he had not seen her in a while, he decided to stop by. When he found that the front door was latched, he used the key to let himself in through the kitchen door. He noticed that the condominium was empty but decided to stay there and eat his food. Since the weather was hot, he removed his clothes. He remained in the condominium for about thirty to forty-five minutes until Sean Brammer arrived and confronted him.
Before trial, defense counsel obtained an order in limine precluding the state from eliciting testimony from the victim about the prior burglary at his home. The trial court determined that the prejudicial effect of such testimony would outweigh its probative value. However, the court ruled that it would allow the victim to testify that he had changed the locks to his condo two weeks before the charged burglary. The court found this testimony relevant to refute the defendant's statement that he entered the apartment using a key given to him by the prior tenant.
At trial, the victim testified on direct examination that he changed the locks to his condominium two weeks before the encounter with the defendant. On cross-examination, defense counsel asked:
Q. Isn't it true that you told me you changed the locks when you moved in back in November?
A. That's correct.
Q. Okay.
A. I changed the locks when I first bought the condo.
Whereupon, the state asserted at sidebar that this questioning opened the door to allow him to question the victim about the previous burglary as the reason for the second changing of the locks. The trial court agreed and, over defense objection, permitted the state to elicit testimony about the first burglary, the items that were stolen, and the mode of entry through the jalousie window. The defense moved for a mistrial. The motion was denied.
During closing argument, the state highlighted this testimony about the prior burglary and asked the jury to draw a connection, stating:
Lo and behold why were the locks changed again? Because he did change *1013 them, because he was the victim of a burglary just two weeks ago. And he testified that the individual, whomever that may have been  the State is not implying that Mr. Cartwright burglarized this home. But I ask you to take into consideration that it's not a coincidence that the fashion by which entry was gained into this condo was exactly the same manner.

(emphasis supplied).
The defendant argues that the trial court erred in denying his motion for mistrial following the victim's testimony that he had previously been burglarized. He contends that evidence of this collateral offense was prejudicial in suggesting that the defendant had the propensity to commit burglaries and, thus, was more likely to be guilty.
A mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial. See Hamilton v. State, 703 So.2d 1038, 1041 (Fla.1997). Ruling on a motion for mistrial is within the trial court's discretion. Id. Determining the relevance of evidence is also within the trial court's broad discretion, and such a determination will not be disturbed absent an abuse of discretion. See Heath v. State, 648 So.2d 660, 664 (Fla.1994). However, a trial court's discretion is limited by the rules of evidence. See Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001).
Section 90.404(2)(a), Florida Statutes (2003), which codifies the Williams rule,[1] provides that similar fact evidence of other crimes is admissible when relevant to prove a material fact in issue, but is inadmissible when the evidence is relevant solely to prove bad character or propensity. Evidence which suggests that a defendant has committed other crimes can have a "powerful effect" on the results at trial. Bozeman v. State, 698 So.2d 629, 631 (Fla. 4th DCA 1997).
Revealing to the jury that a burglary had occurred on the same premises two weeks before, without more, would not necessarily violate this rule, absent some suggestion that the defendant was connected to the prior crime. As the state points out, "[t]o compel the state to put on its case in a factual vacuum, devoid of such necessary background information, would be a disservice to the fact finder." Gillion v. State, 573 So.2d 810, 811 (Fla.1991). Rather, the state should be allowed considerable leeway to show facts which "`fill in the background of the narrative.'" Id. (quoting McCormick on Evidence § 185, at 541 (3d ed. 1984)).
In this case, the prosecutor argued at trial that evidence of the prior burglary was admissible because defense counsel opened the door to examination on this issue when he questioned the victim about when he changed the locks on his condo. He maintained that defense counsel had impeached the witness by eliciting contradictory answers about when the locks were changed. Therefore, the state argued, the jury was entitled to an explanation as to why the locks were changed to clarify the inconsistency. Although we are not persuaded that defense counsel's cross-examination as to when the victim changed the locks opened the door to testimony about why he changed them (the first burglary), we find no abuse of discretion in the trial court's ruling. The "opening the door" concept is based on considerations of fairness, and as a general rule, testimony is admissible on redirect which tends to "qualify, explain, or limit testimony given on cross-examination." Wright v. State, 582 So.2d 774, 775 (Fla. 2d DCA 1991).
However, while admission of the collateral crimes evidence may not have been *1014 error standing alone, the prejudice resulting from this evidence was compounded by the state's closing argument, which highlighted this testimony. The prosecutor told the jury during closing argument that he was not "implying that Mr. Cartwright burglarized this home." Yet, in the same breath, he urged the jury to consider that "it's not a coincidence that the fashion by which entry was gained into this condo was exactly the same manner."[2] By implying that the defendant had committed the first burglary, the prosecutor suggested that the defendant had the propensity to commit other burglaries and was thus guilty of the burglary charged. This attack on the defendant's character strikes at the heart of the Williams rule.
Improper admission of collateral crimes evidence is presumed harmful. See Gore v. State, 719 So.2d 1197, 1199 (Fla.1998). Here, where the improper collateral crimes evidence was again highlighted in closing argument, its prejudicial impact was even greater.
The defendant's second point on appeal concerns the victim's testimony that the defendant had marijuana in his possession while in the victim's condominium. During cross-examination of the victim, defense counsel asked about the defendant's clothes and shoes that were left behind in the condo after his arrest.
Q. Isn't it true that you got rid of all of these things, you never turned them over to the police. Isn't that right?
A. I brought his property, whatever I found, his identification along with some cannabis, I brought that to the Lauderhill Police Department.
At that point, the defense moved for mistrial, arguing that he had no notice that marijuana was found among the defendant's possessions. The court denied the motion, but gave a curative instruction to the jury that the defendant was not charged with possession of cannabis and to disregard the testimony about cannabis. We find no abuse of discretion in the denial of the motion for mistrial. The comment about the cannabis found in the defendant's belongings was apparently unanticipated by the state and defense counsel alike. It was a brief, isolated comment. See Hamilton, 703 So.2d at 1041 (improper comment was unanticipated by the State and was brief); Cole v. State, 701 So.2d 845, 853 (Fla.1997) (reference was isolated and inadvertent and was not focused upon). Further, the trial court, with the defendant's consent, promptly provided the jury with a curative instruction sufficient to cure any prejudice caused as a result of the victim's response. See Eckard v. State, 758 So.2d 742, 743 (Fla. 5th DCA 2000) (finding no error in trial court's denial of motion for mistrial in DUI manslaughter prosecution when witness testified that defendant was in possession of a pill bottle containing marijuana the day after the offense).
The state further argues that because the victim's testimony about the cannabis was in response to defense counsel's cross-examination accusing the victim of disposing of the defendant's property instead of turning it over to the authorities, it was invited error. The primary consideration in deciding whether a party has opened the door to comments on cross-examination is whether the witness's answer is responsive to the question asked. If it is, then it is considered invited error. See Terry v. State, 668 So.2d 954, 962 (Fla.1996); Sneed v. State, 736 So.2d 1274, 1275 (Fla. 4th DCA 1999). In this case, the victim was asked by defense counsel what he did with the defendant's belongings. It was not unresponsive for him to enumerate the items he recalled finding in describing what he had done with them.
*1015 On his third and final point on appeal, the defendant asserts that the trial court erroneously denied his motion for mistrial made during the state's closing argument. Of the numerous closing remarks complained of, we address only the state's comments which suggested that the state charges only those who are guilty.
The prosecutor told the jury:
[MR. PEREZ]: A thorough investigation was in fact conducted. He was in the home red-handed. He was taken into custody. But before anything happened, before he was formally charged by the Office of the State's Attorney, sworn statements were taken to assure the police agency and the State Attorney's office that this prosecution is being put forth in good faith.
Courts have repeatedly condemned such "good faith" comments. See Harris v. State, 570 So.2d 397 (Fla. 3d DCA 1990) (holding that the prosecutor exceeded acceptable limits in responding to defense counsel's argument of bad-faith prosecution by arguing to the jury her personal opinion that information must be believed because it had been sworn to as being filed in good faith by the prosecution); see also Riley v. State, 560 So.2d 279 (Fla. 3d DCA 1990).
Similarly, an argument that the state charges only those who are guilty is improper. See Ruiz v. State, 743 So.2d 1, 5 (Fla.1999) (finding that the state engaged in improper argument by implying that "[i]f the defendant wasn't guilty, he wouldn't be here"); Johns v. State, 832 So.2d 959, 962 (Fla. 2d DCA 2002) (finding improper the state's remarks that it had charged the right defendant and only brought charges it could prove).
In order to require a new trial, a prosecutor's comments must either deprive the defendant of a fair trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise. See Anderson v. State, 863 So.2d 169, 187 (Fla.2003), cert. denied, ___ U.S. ___, 124 S.Ct. 1662, 158 L.Ed.2d 363 (2004). However, we look to the record as a whole and consider both preserved and unpreserved errors in determining whether the preserved error was harmless beyond a reasonable doubt. See Martinez v. State, 761 So.2d 1074, 1083-84 (Fla.2000).
In this case, the prosecutor's improper comments about the good faith of the state's prosecution (preserved by the defense's timely objection), coupled with the prosecutor's remarks pointing out similarities in the two burglaries and suggesting that the defendant committed both (not preserved by timely objection), together constitute error that we cannot conclude is harmless beyond a reasonable doubt. The jury was instructed on the lesser included offense of trespass. But for the errors cited, a jury could reasonably have returned a verdict of trespass or not guilty, in light of the defendant's testimony that he had permission from the previous resident to be in the apartment, the defendant's unusual behavior in removing his clothes and shoes and casually remaining there, and evidence that the condominium had not been ransacked.
We therefore reverse the judgment and sentence and remand this case for a new trial.
REVERSED and REMANDED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).
[2] The defendant did not object to these comments or move for a mistrial.