FARMER, C.J.
In defendant’s trial for possession of cocaine, the trial court allowed the arresting officer to provide details of a “Crime Stopper’s Tip” over his objection that it was hearsay and overly prejudicial to him. We agree and reverse.
The officer testified that he received a crime stopper’s tip and proceeded to the stated location, the hotel room in which the defendant was then found. The officer testified that when defendant opened the door to the room, the officer told him that he was there to investigate a complaint of narcotics dealing from that hotel room. Defense counsel objected to the testimony, but the trial court overruled the objection.
We have previously held that “police witnesses ..-. are not permitted to provide details of the tip unless some' exception to the hearsay rule exists.” Metelus v. State, 762 So.2d 940, 943 (Fla. 4th DCA 2000). In this case, the officer not only testified that he. received a tip but proceeded to state the contents of the tip, namely that an individual was selling narcotics from that very place where defendant was then standing. Under Metelus, the Officer’s testimony about the content of the tip constitutes inadmissible hearsay.
The State argued that it was admissible because it was necessary to explain why the Officer went to the hotel room. 762 So.2d at 943 (holding the detailed testimony of a tip “constitutes hearsay and its probative value is substantially outweighed by its prejudice”). As the court stated in State v. Baird, 572 So.2d 904, 908 (Fla.1990), however:
“When the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for evidence is slight and the likelihood of misuse is great.”
The State also argues that any error was harmless. Because of the nature of the testimony the jury could have considered it evidence that it was defendant who was doing the dealing in drugs. In Goodwin v. State, 751 So.2d 537 (Fla.1999), the court explained its holdings on harmless error thus:
“the harmless error analysis focuses on the effect of the error on the trier of fact. Thus, the reviewing court must resist the temptation to make its own determination of whether a guilty verdict could be sustained by excluding the impermissible evidence and examining only the permissible evidence.... *338 ‘Overwhelming evidence of guilt does not negate the fact that an error that constituted a substantial part of the prosecution’s case may have played a substantial part in the jury’s deliberation and thus contributed to the actual verdict reached, for the jury may have reached its verdict because of the error without considering other reasons untainted by error that would have supported the same result.’.”
Id. at 542; see also State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (“[T]he test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and ... an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.”); State v. Lee, 531 So.2d 133 (Fla. 1988) (same); Fitzpatrick v. State, 900 So.2d 495, 517 (Fla. 2005) (“The question is whether there is a reasonable possibility that the error affected the verdict.”). The State has not made it appear beyond any reasonable doubt that the admission of this hearsay had no effect on the verdict.

Reversed.

SHAHOOD, and TAYLOR, JJ., concur.