16 So.3d 247 (2009)
Marcia Rose McKEOWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2160.
District Court of Appeal of Florida, Fourth District.
August 19, 2009.
Rehearing Denied September 16, 2009.
*248 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
The defendant appeals her criminal conviction and sentence for felony DUI. She contends that the trial court erred in admitting the arresting officer's testimony that he arrests only half of the DUI suspects that he investigates. Because this testimony was improper and prejudicial, we reverse and remand for a new trial.
While on road patrol, Officer Justin Crooks of the Palm Springs Police Department stopped the defendant for driving 56 m.p.h. in a 40 m.p.h. zone. The officer observed that her eyes were bloodshot and glassy and that an odor of an unknown alcoholic beverage emanated from her person. She also appeared to have difficulty maintaining her balance. The defendant was uncooperative when asked to produce her license, registration and insurance. She also refused to submit to roadside sobriety tests. Later, at the breath testing facility, she refused to submit to a breath test. According to the breath test technician, the defendant was uncooperative, verbally abusive, and belligerent.
Officer Crooks testified at trial. During direct examination, the prosecutor asked him how may DUI investigations he had done since becoming a police officer. The officer responded that he had conducted forty to fifty DUI investigations. When the prosecutor asked him if he made an arrest every time after those investigations, defense counsel objected on relevancy grounds. The trial court overruled the objection. Officer Crooks testified that he did not make an arrest every time he investigated a DUI; he made arrests only about half, or fifty percent, of the time.
The defense called James Pittman, who testified that he was with the defendant on the day of her arrest. They both attended a small party of six or eight people that day and went boat riding. Although alcohol was served at the party, the defendant was not drinking. Pittman rationalized the defendant's behavior at the time of her arrest by explaining that she often curses and uses profanity.
The defense also called Mary Stone, a psychiatric nurse practitioner at a mental hospital. Stone had examined the defendant and been treating her for about nine months for manic depression. She explained that manic depression, or bipolar disorder, causes a person to become agitated, argumentative, and angry. Stone testified that she saw the videotape of the defendant made at the breath testing facility on the night of her arrest. To Stone, the defendant did not appear to be impaired by alcohol; she appeared irritable, argumentative, and slightly agitated, as she did when Stone first met with the defendant, before she was on medication.
During closing argument, the prosecutor reminded the jury of Officer Crooks' testimony "that he only arrests fifty percent of the people that he even investigates." He added that "[i]t's not something automatic that occurs."
The jury found the defendant guilty of driving under the influence. She was sentenced to eleven months imprisonment, followed by four years of probation, on the felony DUI. She pled guilty to refusal to submit to testing and was sentenced to a concurrent term of sixty days in jail.
The defendant argues that the trial court erred in overruling her objection to *249 evidence of Officer Crooks' conduct in other DUI cases. She contends that the state compounded the error by repeating the improper testimony during closing argument. We agree that the officer's testimony regarding the percentage of people he arrests after stopping them on suspicion of DUI was irrelevant because the sole issue in this case was whether the defendant was guilty of DUI. The officer's statement that he arrested only half of the DUI suspects he investigated tended to improperly bolster the credibility of the state's case. It is similar to statements that have been condemned for implying that a defendant would not have been arrested or charged had he not been guilty. See Cartwright v. State, 885 So.2d 1010, 1015 (Fla. 4th DCA 2004) (holding that it is improper for a prosecutor to suggest that the state charges only those who are guilty); Ruiz v. State, 743 So.2d 1, 5 (Fla.1999) (finding that the state engaged in improper argument by implying that "[i]f the defendant wasn't guilty, he wouldn't be here"); Johns v. State, 832 So.2d 959, 962 (Fla. 2d DCA 2002) (finding improper the state's remarks that it had charged the right defendant and only brought charges it could prove).
The officer's testimony about his rate of arrests is akin to evidence of screening statistics found irrelevant in Marshall v. State, 915 So.2d 264, 268 (Fla. 4th DCA 2005). There, a state psychologist testified that of the thousands of sex offender cases reviewed for civil commitment proceedings under the Jimmy Ryce Act, only about 5% were ever filed. We held that testimony regarding such statistics was not relevant to any issue in the case and that its admission was error. However, we affirmed the civil commitment order because we found the error to be harmless in that case.
Here, we are unable to say that the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (holding that the harmless error test places the burden on the state to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or that there is no reasonable possibility that the error contributed to the conviction). The defense presented ample evidence to contradict the state's theory that the defendant was impaired by alcohol. Moreover, the prosecutor compounded the error by repeating the improper testimony during closing argument. Contrary to the state's argument on appeal, the defense did not open the door to this testimony by describing the arresting officer as a "rookie." The prosecutor elicited the testimony from the officer about his percentage of arrests before the defense first questioned the officer's experience. Cf. Cartwright v. State, 885 So.2d at 1013 (stating that under the "opening the door" concept, testimony is admissible on redirect which tends to qualify, explain or limit testimony given on cross-examination). Further, the officer's "rookie" status has little or nothing to do with the percentage of suspects he arrests for DUI.
Reversed and Remanded.
WARNER, J., concurs.
POLEN, J., dissents with opinion.
POLEN, J., dissenting.
I respectfully dissent. While improper, I would hold the testimony of Officer Crooks, and the state's reference to it in closing, was far less egregious than the comments in Cartwright, Ruiz, and Johns, cited by the majority. Given the overwhelming evidence of defendant's guilt, I would hold the error harmless beyond a reasonable doubt, State v. DiGuilio, 491 So.2d 1129 (Fla.1986), and affirm.