PER CURIAM.
 

 Appellant, Steven Padgett, was charged by amended information with (I) grand
 
 *904
 
 theft from a person 65 years of age or older in the amount of $50,000 or more and (II) exploitation of an elderly or disabled adult who lacked the capacity to consent in the amount of $20,000 or more but less than $100,000. When Padgett moved for judgment of acquittal after the state rested its case, the trial court granted his motion with respect to count II by reducing the charge to exploitation of an elderly adult who lacked the capacity to consent in an amount less than $20,000. The jury found Padgett guilty of count I as charged and count II as reduced by the trial court.
 

 At trial, the state presented evidence that Padgett had stolen or attempted to steal certain monies from his elderly mother and that he had exploited her by using her credit cards when she did not have the capacity to consent. Before the mother and the other witnesses testified, the detective who investigated the case testified, over Padgett’s hearsay objection, to what the mother told him, including a list of the items and monies he allegedly stole, how he stole them, and Padgett’s use of her checking accounts. He also testified to amounts the mother said were taken from her bank accounts and that Padgett attempted to withdraw all the money from her investment account.
 

 Padgett raises three issues on appeal. We find the first two to be without merit. In the third issue, Padgett argues that the trial court erred in admitting the detective’s hearsay testimony. The state responded that the testimony was admissible because it provided background information and explained the detective’s investigation.
 

 “The standard of review for admissibility of evidence is abuse of discretion.”
 
 Nardone v. State,
 
 798 So.2d 870, 874 (Fla. 4th DCA 2001) (citation omitted). “However, a trial court’s discretion is limited by the rules of evidence.”
 
 Id.
 
 “Whether or not the statement is hearsay is a legal question subject to de novo review.”
 
 K.V. v. State,
 
 832 So.2d 264, 265-66 (Fla. 4th DCA 2002). “When a party makes a hearsay objection, a trial court must consider all possible hearsay violations, exceptions, and exclusions.”
 
 Neeley v. State, 883
 
 So.2d 861, 864 (Fla. 1st DCA 2004) (citation omitted).
 

 The testimony given by the detective was hearsay and is inadmissible unless ■within an exception. §§ 90.802, 90.803, Fla. Stat. (2009). The state argues that the hearsay testimony provides background information on the detective’s investigation, citing
 
 Cartwright v. State,
 
 885 So.2d 1010 (Fla. 4th DCA 2004). A review of
 
 Cartwright
 
 indicates that the court’s holding that “the state should be allowed considerable leeway to show facts which “ ‘fill in the background of the narrative’ ” is wholly inapplicable to this case.
 
 Id.
 
 at 1013 (citation omitted). The detective’s testimony was not background information but an item by item statement of the mother’s accusations against Padgett.
 

 In
 
 Caruso v. State,
 
 645 So.2d 389 (Fla.1994), the supreme court held “that the prejudice of out-of-court statements used to relate accusatory information but offered simply to establish the logical sequence of events outweighs the probative value of such evidence, rendering it inadmissible.”
 
 Id.
 
 at 395. After testifying to the allegations of Padgett’s mother, the detective testified that this information led to his speaking with the mother’s banks and her investment company. The information obtained then led to the detective obtaining the arrest warrant for Padgett. The detective could have testified that he had received information from the mother which led to his investigation. “Generally, police witnesses are permitted to testify that they were acting on a tip, but are not
 
 *905
 
 permitted to provide details of the tip unless some exception to the hearsay rule exists.”
 
 Metelus v. State,
 
 762 So.2d 940, 943 (Fla. 4th DCA 2000). The detective’s testimony as to what the mother told him was inadmissible hearsay.
 

 The state asserts that any error in the admission of the detective’s testimony was harmless because the mother testified on the same matter. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986).
 

 The mother’s testimony as to the circumstances of Padgett’s alleged thefts and exploitation included instances of her not remembering the actions she took pri- or to Padgett cashing checks from her accounts or using her credit card. The inadmissible hearsay may have bolstered the mother’s credibility and gave less weight to Padgett’s testimony. Under these circumstances, we find that the error was not harmless beyond a reasonable doubt. We therefore reverse and remand for a new trial.
 

 Reversed and Remanded.
 

 TAYLOR, HAZOURI and LEVINE, JJ., concur.