DAMOORGIAN, J.
Willie Thomas appeals his final judgment and sentence adjudicating him guilty of armed burglary of a dwelling, aggravated battery with a deadly weapon, and possession of cocaine. Thomas argues that we should reverse his conviction and sentence because the trial court abandoned its neutral role during the trial, including giving him incorrect legal advice, and incorrectly applied the excited utterance exception to the hearsay rule. We affirm on all grounds and write only to address the application of excited utterance exception to one of the trial court’s evidentiary rulings.
The testimony at issue is an eyewitness’s description of an altercation between Thomas and the victim, during which the victim yelled out “he has a knife, he has a knife.” The trial court allowed the eyewitness to testify regarding what she heard the victim say. Thomas asserts that the trial court erroneously admitted this testimony as an excited utterance.
An appellate court reviews evidentiary rulings for abuse of discretion, though the rules of evidence limit this discretion. Padgett v. State, 73 So.3d 902, 904 (Fla. 4th DCA 2011). A trial court’s determination regarding whether testimony is hearsay is reviewed de novo. Id.
Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2008). Hearsay is inadmissible unless it falls within an exception. §§ 90.802-.803, Fla. Stat. (2008). An excited utterance, or “[a] statement ... relating to a startling event or condition made while the declarant [is] under the stress of excitement caused by the event or condition,” is a hearsay exception. § 90.803(2), Fla. Stat. (2008). Courts have interpreted the statute as requiring three elements for an excited utterance to be admissible: “(1) there must have been an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must have been made while the person was under the stress of excitement caused by the startling event.” Mariano v. State, 933 So.2d 111, 115 (Fla. 4th DCA *930 2006) (quoting Stoll v. State, 762 So.2d 870, 873 (Fla.2000)).
The party seeking to qualify a statement as an excited utterance must lay a proper foundation for its admission. Mariano, 933 So.2d at 115. Here, the witness testified that she heard a loud noise coming from the patio late at night. She rushed outside to find a stranger fighting with the victim and she joined the struggle. During the altercation, the victim exclaimed, “He has a knife, he has a knife.” This testimony establishes that all three requirements were met, since a home invasion constitutes a startling event, the statement was made at the time the struggle was in progress, and the person who made the statement was being attacked by a stranger holding a knife. On the testimony presented by the eyewitness, the trial court correctly ruled that the excited utterance exception applied to the eyewitness’s statement.

Affirmed.

STEVENSON and CONNER, JJ„ concur.