PER CURIAM.
The appellant, Earnesto Brandon, challenges his conviction for possession of a firearm by a convicted felon. He argues that the trial court erred by admitting into evidence a transcript of a 911 call. We agree and reverse.
The charge against Brandon arose from a 911 call reporting that a woman had been assaulted by a man who struck her and then threatened to kill her while pointing a gun at her. The caller identified Brandon as the assailant.
On the day of Brandon’s jury trial, the state learned that the victim, the person who purportedly made the 911 call, would not testify. The defense objected to the admission of the 911 call, arguing it was inadmissible hearsay because the purported caller was not going to testify at trial. However, the state sought to admit the statement as an excited utterance, an exception to the hearsay rule under section 90.803, Florida Statutes. The state called the 911 records custodian to authenticate the audio printout of the 911 call, and Brandon objected, arguing that the state *1152 had not laid a proper predicate to admit the 911 call as an exception to the hearsay-rule. For the reasons that follow, we hold that the trial court erred in admitting the transcript of the 911 call into evidence.
As announced by the supreme court in Stoll v. State, 762 So.2d 870 (Fla. 2000), the excited utterance exception to the hearsay rule requires a showing that there was an event startling enough to cause nervous excitement, and the statement was made under the stress or excitement caused by the event before the de-clarant had time to reflect or contrive. Id. at 873; see also Powell v. State, 99 So.3d 570, 573-74 (Fla. 1st DCA 2012). A proper foundation to admit a hearsay statement under the excited utterance exception may be laid by showing that the statement meets the Stoll test. See Thomas v. State, 125 So.3d 928 (Fla. 4th DCA 2013).
In this case, it was the state’s burden to present evidence to satisfy the elements of the Stoll test. However, the state failed to show whether the caller was still under the emotional stress of the incident at the time of the call or whether the caller had time to reflect on the events prior to making the call. Further, the state failed to establish even the identity of the person who made the 911 call. Because the state failed to establish the necessary predicate to admit the transcript of the 911 call, the trial court erred by admitting it.
The error was not harmless. No firearm was found, and the testimony that Brandon possessed a firearm on the day of the incident was equivocal and corroborated only by the recording of the 911 call played for the jury. Because the improperly admitted 911 call constituted a substantial part of the prosecution’s case, it would be impossible to say that it did not play a significant part in the jury’s deliberation or contribute to the jury’s verdict. See State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986).
We, therefore, reverse Brandon’s judgment and sentence and remand the case for a new trial.
REVERSED.
ROWE, MARSTILLER, and RAY, JJ., concur.