# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-889
_____

DAJUAN ODEREA BARNES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Francis Allman, Judge.

September 10, 2020

JAY, J.

In this appeal from Appellant's conviction and sentence for first-degree murder and aggravated child abuse, we affirm in all respects and write only to address Appellant's claim that the trial court abused its discretion by denying his motion for mistrial after the medical examiner testified on redirect examination that a radiologist found that the victim's x-ray revealed no bone abnormalities.

I

During the State's case-in-chief, Dr. Anthony Clark, the medical examiner who performed the victim's autopsy, testified that the victim's abdominal aorta had been completely transected, which he attributed to a fracture in the spinal column between the

L2 and L3 vertebrae. He opined that the injury could have been caused by bringing the child down upon a smooth broad surface—such as the side of a bathtub, an arm of a couch, or the wall of a crib—or by a person bringing a knee up while pressing the child down with significant force. Dr. Clark believed that the victim's injuries were caused by a single blow, which he considered to be child abuse. In his opinion, the cause of death was massive bleeding in the abdominal cavity due to transection of the abdominal aorta as a consequence of a fracture of the spinal column—between the L2 and L3 vertebrae—resulting from blunt force trauma. He opined that the manner of death was a homicide.

During cross-examination, Dr. Clark responded in the negative when asked if he had measured the victim's bone density or taken a sample from the area of the spine where the break occurred. On redirect examination, the following exchange occurred:

> Q Do you think any of the additional testing that [defense counsel] suggested could have been done would change your opinion in any way in this case?
>
> A Well, the thing is, she talked—mentioned bone density. A radiologist—that's why we take x-rays, to look for genetic causes of change in bone density. And the radiologist did not see any abnormalities of the bones.

The trial court sustained defense counsel's hearsay objection and instructed the jury to "disregard the last answer." The prosecutor then asked if Dr. Clark had observed any indication that there was a problem with the victim's bones. Dr. Clark responded in the negative. The prosecutor also asked if a problem in the victim's bones would have resulted in a severed aorta. Dr. Clark again responded in the negative. At the end of Dr. Clark's testimony, defense counsel requested a motion for mistrial, which was denied by the trial court.

After deliberating, the jury returned a verdict finding Appellant guilty of first-degree murder and aggravated child abuse. The trial court adjudicated Appellant guilty and imposed consecutive sentences of life in prison for first-degree murder and

thirty years in prison for aggravated child abuse. This appeal followed.

## II

"'A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial.'" *Salazar v. State*, 991 So. 2d 364, 372 (Fla. 2008) (citation omitted). When a witness is asked improper questions in the presence of the jury, "'the proper procedure is for the defendant to request the court to instruct the jury to disregard such objectionable remarks, and not that a mistrial be entered by the court, unless the remarks are such that instructing the jury to disregard them would not cure the error.'" *Johnsen v. State*, 332 So. 2d 69, 72 (Fla. 1976) (citation omitted). Where the trial court sustains an objection and gives a curative instruction, the trial court's denial of a motion for mistrial is reviewed for an abuse of discretion. *Goodwin v. State*, 751 So. 2d 537, 547 (Fla. 1999). "Under the abuse of discretion standard, a trial court's ruling will be upheld unless the 'judicial action is arbitrary, fanciful, or unreasonable.'" *Salazar*, 991 So. 2d at 372 (citation omitted). "Discretion is abused only where no reasonable person would take the view adopted by the trial court." *Id.*

In this case, Appellant claims that the trial court abused its discretion by denying his motion for mistrial after the medical examiner testified on redirect examination that a radiologist found that the victim's x-ray revealed no bone abnormalities. In doing so, Appellant relies on *Linn v. Fossum*, 946 So. 2d 1032 (Fla. 2006), which held that "an expert is not permitted to testify on direct examination that the expert relied on consultations with colleagues or other experts in reaching his or her opinion." *Id.* at 1039. However, it is undisputed that the trial court sustained counsel's objection to Dr. Clark's testimony and also gave the jury a curative instruction. Appellant cannot show that the trial court abused its discretion in denying a motion for mistrial where the testimony was not so prejudicial as to vitiate the entire trial.

In fact, the State correctly argues that the testimony was not improper because it was elicited during redirect examination in response to defense counsel's cross-examination, which suggested that the medical examiner's opinion was flawed because the witness did not measure the victim's bone density or take a sample

3

of the area of the victim's spine where the break occurred. In arriving at his expert opinion, the medical examiner was permitted to rely upon the radiologist's report that the victim's x-ray revealed no bone abnormalities, as well as his own observations of the victim's bones during the autopsy. *See J.V. v. Dep't of Children & Family Servs.*, 967 So. 2d 354, 356 (Fla. 3d DCA 2007) (holding that a board-certified pediatrician and expert in child abuse, who testified in a dependency proceeding, was entitled to rely on the hospital radiologist's report that the x-rays and CT scan showed a fracture); *G.V. v. Dep't of Children & Families*, 795 So. 2d 1043, 1049 (Fla. 3d DCA 2001) ("Here, Dr. Lambert based his testimony primarily on the x-ray reports that the pediatric radiologist at Miami Children's Hospital prepared when rendering his diagnosis. Dr. Lambert also considered the case history reported by the father. There is no suggestion in the record that these sources are not the type reasonably relied on by experts in this field to support their medical opinions. Accordingly, Dr. Lambert was entitled to rely on the reports in rendering his expert opinion, even though these were not in evidence."); *see also Schoenwetter v. State*, 931 So. 2d 857, 870–71 (Fla. 2006) ("The trial court did not abuse its discretion in allowing Dr. Qaiser to testify about the autopsies performed by Dr. Vasallo, where Dr. Vasallo was unavailable to testify, and Dr. Qaiser was a qualified expert who had reviewed the autopsy reports, photos, and notes and had spoken with Dr. Vasallo.").

Moreover, defense counsel's cross-examination "opened the door" to the State's rehabilitation of the witness by allowing the witness to explain his reliance on the radiologist's report in lieu of his measuring the victim's bone density or taking a sample from the victim's spine. It is well-settled that "'[t]he concept of 'opening the door' is 'based on considerations of fairness and the truth-seeking function of a trial' [when] without the fuller explication, the testimony that opened the door 'would have been incomplete and misleading.'" *Hudson v. State*, 992 So. 2d 96, 110 (Fla. 2008) (citation omitted). Here, without the fuller explanation on redirect, Dr. Clark's testimony would have been incomplete and would not have been an accurate reflection of his evaluation of the victim. S*ee also Cartwright v. State*, 885 So. 2d 1010, 1013 (Fla. 4th DCA 2004) ("The 'opening the door' concept is based on considerations of fairness, and as a general rule, testimony is admissible on redirect

which tends to 'qualify, explain, or limit testimony given on cross-examination.'").

AFFIRMED.

B.L. THOMAS and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.