# Third District Court of Appeal
## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0882
Lower Tribunal Nos. AHPM9BE & AHPM9CE

_____

**Cinthia Vargas,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Julie Harris Nelson, Judge.

Piotrowski Law, and Jaime Lapidus, for appellant.

James Uthmeier, Attorney General, and Ryan Schelwat, Assistant Attorney General, for appellee.


Before SCALES, C.J., and LOGUE and LOBREE, JJ.

PER CURIAM.

Appellant Cinthia Vargas appeals a judgment and sentence rendered after a jury found her guilty of Driving Under the Influence ("DUI").[1] She challenges the trial court's overruling her numerous objections to the testimony of the arresting officers who were called to the scene of the accident. Relying on McKeown v. State, 16 So. 3d 247 (Fla. 4th DCA 2009), she argued below, as she does on appeal, that allowing one of the officers to testify that not every person he stopped for DUI is arrested constituted improper bolstering.

We agree with the State that this case is distinguishable from McKeown. In McKeown, the testifying officer provided a percentage estimate

---

[1] (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:

(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;

(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or

(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

§ 316.193(1), Fla. Stat. (2023).

of his DUI arrests compared to his DUI investigations, which the Fourth District found bolstered the State's case by implying that the defendant would not have been arrested and prosecuted unless he had been guilty. Id. at 249. In our case, the officer's testimony was couched in general terms about his DUI arrests.[2] We hardly see how this testimony connects arrest and guilt or crosses a line that restrains a prosecutor from maintaining that the State prosecutes only the guilty. See generally Ruiz v. State, 743 So. 2d 1, 5 (Fla. 1999) (rejecting prosecutorial statements implying that only the guilty are prosecuted). We therefore find no reversible error in the trial court's overruling Vargas's objections to the investigating officer's testimony.[3]

---

[2] The officer's relevant testimony was as follows:

> State: "So, every person that you stopped for DUI, did you end up arresting them for DUI?"
>
> Officer: No.
>
> State: And why's that?"
>
> Officer: "Some people meet the criteria for DUI, some people don't."

[3] The State's examination of the second officer – who conducted the field sobriety tests – also was not improper for eliciting from this officer that Vargas appeared impaired. An officer is allowed to provide this observation to the jury. Williams v. State, 710 So. 2d 24, 28-29 (Fla. 3d DCA 1998).

Vargas also alleges on appeal that the trial court committed fundamental error when it allowed the State (without objection) to suggest that Vargas sought to hide evidence of her guilt when she declined to take a breathalyzer test. We find no fundamental error occurred because the State, in its argument and in its examination of Vargas, was seeking not to shift the burden of proof, but rather, to establish that Vargas's declining to take the breathalyzer test constituted evidence of her consciousness of guilt. State v. Taylor, 648 So. 2d 701, 704 (Fla. 1995); see § 316.1932(1)(a)1.a. (Fla. Stat. 2023) ("The refusal to submit to a chemical or physical breath test upon the request of a law enforcement officer as provided in this section is admissible into evidence in any criminal proceeding.").

Affirmed.