736 So.2d 1274 (1999)
Ronald SNEED, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 98-1469, 98-1470.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
*1275 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Appellant challenges his conviction of strong armed robbery, and the state appeals the sentence on the ground that the trial court erred in refusing to sentence appellant as a violent career criminal. On cross-appeal, the state contends that the trial court failed to count appellant's conviction and sentence as an adult in determining whether he qualified as a violent career criminal. Because appellant invited the error complained of, we affirm the conviction. However, we reverse the sentence because appellant's conviction as an adult should have been counted as a qualifying offense for the purpose of habitual violent offender sentencing.
As to his conviction, appellant argues that a mistrial should have been granted after a witness, in response to a question posed by the defense, stated that the police had received an anonymous tip indicating that Sneed was the perpetrator involved in the robbery. When the testimony was given, appellant's attorney moved for a mistrial. The trial court denied the request, noting that the defendant had opened the door with his questions of why appellant's picture was included in a photo lineup. We find no abuse of discretion in the trial court's application of the invited error doctrine in this instance, finding that the answer was responsive to the question asked. See Terry v. State, 668 So.2d 954, 962 (Fla.1996); Thompson v. State, 648 So.2d 692, 695 (Fla.1994), cert. denied, 515 U.S. 1125, 115 S.Ct. 2283, 132 L.Ed.2d 286 (1995). While the state attorney also improperly referred to the anonymous tip repeatedly in his closing argument, no objection was made. Defense counsel also referred to it in his closing and argued that the anonymity of the tip showed the absence of evidence, supporting the view that the identification of appellant by the victim in the photo lineup was unreliable.
After his conviction, the trial court refused to sentence appellant as a habitual offender. Because the trial court's refusal was based upon a statutory interpretation, this issue is appealable by the state. See § 924.07(1)(d), Fla. Stat. (1997). Section 775.084(1)(c), Florida Statutes provides: "`Violent career criminal' means a defendant for whom the court must impose imprisonment... if it finds that: [t]he defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense...." (emphasis added). The trial court interpreted the emphasized language as excluding convictions of defendants who were under the age of eighteen when the crime was committed, even if convicted as adults. In the instant case, one of the crimes which the state sought to use to declare appellant a habitual offender was committed by the appellant when he was seventeen, although he was charged and sentenced as an adult. Therefore, the trial court ruled that it could not be used as a qualifying conviction for the purposes of violent career criminal status.
Criminal statutes susceptible to differing constructions are to be strictly construed in favor of the accused. See Burk v. State, 705 So.2d 1003, 1004 (Fla. 4th DCA 1998). However, "they are not to *1276 be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature." State ex rel. Washington v. Rivkind, 350 So.2d 575, 577 (Fla. 3d DCA 1977). Moreover, "`[the rule of lenity]' is not to be so applied as to narrow the words of the statute to the exclusion of cases, which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend." S.E.C. v. C.M. Joiner Leasing Corp., 320 U.S. 344, 354, 64 S.Ct. 120, 125, 88 L.Ed. 88 (1943)(quoting United States v. Wiltberger, 18 U.S. 76, 95, 5 L.Ed. 37 (1820)). Thus, in construing the statute one must look to the context in which the term was used and what the legislature intended. As Justice Scalia noted in a concurring opinion in Green v. Bock Laundry Machine Co., 490 U.S. 504, 528, 109 S.Ct. 1981, 1994, 104 L.Ed.2d 557 (1989):
The meaning of terms on the statute books ought to be determined ... on the basis of which meaning is (1) most in accord with context and ordinary usage, and thus most likely to have been understood by the whole Congress which voted on the words of the statute (not to mention the citizens subject to it), and (2) most compatible with the surrounding body of law into which the provision must be integrated....
The statute in the instant case imposes a criminal punishment and must be integrated into those statutes dealing with criminal punishments, including those provisions which deal with the prosecution of juveniles "as adults." Section 985.227, Florida Statutes (1997) is entitled "Prosecution of juveniles as adults ...." and explains the procedure for the direct filing of an information where the child is 16 or 17 and cases in which adult sanctions are appropriate. (Emphasis added). Section 985.226(4) provides:
EFFECT OF ORDER WAIVING JURISDICTION.If the court finds, after a waiver hearing under subsection (3), that a juvenile who was 14 years of age or older at the time the alleged violation of state law was committed should be charged and tried as an adult, the court shall enter an order transferring the case and certifying the case for trial as if the child were an adult. The child shall thereafter be subject to prosecution, trial, and sentencing as if the child were an adult but subject to the provisions of § 985.233. Once a child has been transferred for criminal prosecution pursuant to an involuntary waiver hearing and has been found to have committed the presenting offense or a lesser included offense, the child shall thereafter be handled in every respect as an adult for any subsequent violation of state law, unless the court imposes juvenile sanctions under § 985.233.
(Emphases added). Similarly, section 985.227(3) uses the same locution:
(3) EFFECT OF DIRECT FILE.
(a) Once a child has been transferred for criminal prosecution pursuant to information and has been found to have committed the presenting offense or a lesser included offense, the child shall be handled thereafter in every respect as if an adult for any subsequent violation of state law, unless the court imposes juvenile sanctions under § 985.233.
(b) When a child is transferred for criminal prosecution as an adult, the court shall immediately transfer and certify to the appropriate court all preadjudicatory cases that pertain to that child which are pending in juvenile court, including, but not limited to, all cases involving offenses that occur or are referred between the date of transfer and sentencing in adult court and all outstanding juvenile disposition orders. The juvenile court shall make every effort to dispose of all predispositional cases and transfer those cases to the adult court prior to adult sentencing. It is the intent of the Legislature to require all cases occurring prior to the sentencing hearing in adult court to be handled by *1277 the adult court for final resolution with the original transfer case.
(c) When a child has been transferred for criminal prosecution as an adult and has been found to have committed a violation of state law, the disposition of the case may be made under § 985.233 and may include the enforcement of any restitution ordered in any juvenile proceeding.
(Emphases added).
In these statutes, all dealing with the commission and punishment of criminal acts by juveniles, the phrase "as an adult" refers to the method of criminal prosecution and punishment and not to the chronological age of the defendant. In the context of the criminal law and its many terms, "convicted as an adult" has a settled meaning which the legislature has adopted. Moreover, the legislature interchanges the phrases "as an adult" and "as if an adult" so that the meaning of both is the same. It is clear that the legislature did not intend to require that a qualifying offense be committed after the defendant reached the age of eighteen. Instead, all of the statutory references make it clear that if a defendant were prosecuted and punished as an adult, even if less than the age of majority, the crime is considered an "adult" crime and could constitute a qualifying offense under the violent career criminal statute.
Based upon the foregoing analysis, we reverse the sentence of the appellant, and remand for further consideration by the trial court.
GUNTHER and STEVENSON, JJ., concur.