GODERICH, Judge.
The defendants, Phillip Morris, Inc., et al., appeal from an order granting a new trial. We affirm.
The plaintiff, Suzette Ahrendt Janoff, brought a products liability action against Phillip Morris, Inc., et al. She alleged that her chronic sinusitis and other respiratory ailments were caused by exposure to environmental tobacco smoke (ETS) when she worked as a flight attendant from 1983 to 1996. After considering the testimony of several experts, the jury returned a verdict in favor of the defendants. The plaintiff moved for a new trial alleging that the defendants had impermissibly bolstered the testimony of their expert on re-direct examination. The defense argued that the plaintiff had either invited error or “opened the door” during the cross-examination of the defense expert. The trial court found that neither occurred, that the defense had engaged in improper bolstering of its expert witness, and that a new trial was warranted “due to the highly prejudicial nature of the improperly admitted evidence.” The defendants’ appeal follows.
During trial, prior to the defense experts testifying, the plaintiff moved in li-mine, pursuant to section 90.706, Florida Statutes (2002), to preclude the defense from bolstering their expert witnesses by asking them whether there was anything in the medical literature that supported their opinions. Defense counsel agreed that he could not ask his expert witnesses whether there were any specific authoritative texts that supported their opinions, but that the expert witnesses could testify that their opinions were based on a general review of medical literature. After hearing arguments of counsel, the trial court permitted this limited inquiry.
On direct examination, one of the defense experts, Dr. Michael Anderson, a board certified internist, allergist and immunologist, opined that the plaintiff had chronic sinusitis. He explained that he had familiarized himself with the plaintiffs medical history by examining her medical records, CAT scans, and allergy testing, and by reviewing the depositions of the plaintiffs treating physicians. The de *143 fense then asked whether the expert had reviewed anything else in addition to items that are specific to the plaintiff. He responded, “I’ve reviewed some medical literature that is available.” The defense then asked, “And do all the things that you’ve reviewed support the opinions that you’re about to offer for this jury?” The expert responded affirmatively. He opined that the plaintiffs chronic sinusitis was caused by allergies, not ETS. He stated that when the plaintiffs sinuses were inflamed, large amounts of secondhand smoke may have aggravated her condition.
Thereafter, the plaintiff attempted to cross-examine this defense expert with information regarding chronic sinusitis found on the hospital’s website where he had staff privileges. The plaintiff, however) was unable to effectively cross-examine the expert because he refused to recognize the source of the information as authoritative. The expert did, however, recognize the authoritativeness of the Florida Allergy, Asthma and Immunology Society, an organization of which he was a member. The plaintiff then cross-examined him based on information contained in the organization’s website linking ETS and chronic sinusitis. The plaintiff asked whether the expert agreed with the organization’s statements on its website. He stated that sometimes he disagrees. When asked specifically about cigarette smoke, he replied that he believed that the website was stating that cigarette smoke aggravated sinus conditions, and therefore, cigarette smoke should be avoided. The expert explained further, “I don’t think they’re saying that cigarette smoke causes sinusitis because it’s never been shown in any medical literature.”
The plaintiff then asked the expert whether everything he knew about the case was what was given to him by the tobacco companies’ attorneys. The expert denied that assertion. When asked whether he had spoken with the plaintiffs treating physician, the expert indicated that he had read the treating physician’s deposition. The defense expert confirmed that he learned from reading the treating physician’s deposition that the treating physician had been treating the plaintiff for ten years and had examined her personally many times. The defense expert disagreed with the treating physician’s choice of treatment (surgery), but stated that it was not malpractice.
On re-direct examination, defense counsel tried to rehabilitate his expert by using the two websites that were used during cross-examination to emphasize that nowhere do they state that exposure to cigarette smoke causes chronic sinusitis. Thereafter, the defense addressed the plaintiffs assertion that everything the defense expert had reviewed about the case was what had been given to him by the tobacco companies’ attorneys. The defense asked, “Were there things that you reviewed that you got on your own?” The expert answered affirmatively explaining that he had also conducted a Medline search, a search of the medical libraries. Over the plaintiffs objection to bolstering, the expert explained the details of the search. Thereafter, over plaintiffs repeated objections to bolstering, defense counsel identified several authoritative textbooks and journals by name and asked the expert whether any of them concluded that exposure to ETS causes chronic sinusitis. The expert addressed each source individually stating that there was an absence of any such writing in any of those authoritative sources that came to that conclusion.
The defendants contend that the trial court erred by granting a new trial. We disagree.
*144 Section 90.706, Florida Statutes (2002), titled, “Authoritativeness of literature for use in cross-examination,” provides:
Statements of facts or opinions on a subject of science, art, or specialized knowledge contained in a published treatise, periodical, book, dissertation, pamphlet, or other writing may be used in cross-examination of an expert witness if the expert witness recognizes the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative, or, notwithstanding nonrecognition by the expert witness, if the trial court finds the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative and relevant to the subject matter.
“Under section 90.706, authoritative publications can only be used during the cross-examination of an expert and cannot be used to bolster the credibility of an expert or to supplement an opinion of the expert that has already been formed.” Erwin v. Todd, 699 So.2d 275, 278 (Fla. 5th DCA 1997). In the instant case, on re-direct examination, defense counsel impermissi-bly bolstered Dr. Anderson’s testimony by identifying specific authoritative publications and asking whether they lacked articles stating that exposure to ETS causes chronic sinusitis.
The defense argues that the plaintiff invited this purported error by eliciting the same testimony on cross-examination of the defense expert that she asserts as error. Specifically, the question that the defense urges invited error was whether the defense expert agreed with the information contained in his organization’s website regarding cigarette smoke and chronic sinusitis. The expert stated that he interpreted the information differently and explained that he did so because “it’s never been shown in any medical literature.” This answer referred to medical literature generally and did not identify any publication specifically. Therefore, it could not have invited the type of bolstering that occurred on re-direct examination where defense counsel listed by name authoritative publications that lacked articles relating ETS and chronic sinusitis.
Alternatively, the defense argues that the plaintiff “opened the door” by asking the defense expert on cross-examination whether everything the expert knew about the case had been given to him by the tobacco companies’ attorneys. Again, we disagree.
Examining the context of this question reveals that after the expert denied that everything he knew about the case was what had been given to him by the tobacco companies’ attorneys, the plaintiff followed with a series of questions that elicited that the expert had read the treating physician’s deposition and learned that the treating physician had been treating the plaintiff for ten years and had examined her on many occasions. By asking this series of questions, the plaintiff was trying to discredit the defense expert’s opinion by showing that the treating physician had firsthand knowledge of the plaintiffs condition from her repeated examinations; whereas, any evaluation of the plaintiffs condition by the defense expert was suspect because he had never examined her personally, and his opinion was based solely on a “cold record.” This line of inquiry did not open the door for the defense to identify by name a list of authoritative publications that agreed with his expert’s opinion.
Further, this error was fundamental to a trial that the trial court characterized as a “battle of expert witnesses.” A review of the record shows that the experts agreed that the plaintiff suffered *145 from chronic sinusitis and only disagreed as to its cause. The purpose of listing the litany of authoritative sources that lacked articles linking chronic sinusitis to ETS was solely to bolster the defense expert’s opinion by showing that his opinion must be correct because it was supported by the lack of articles stating otherwise.
The remaining points- raised on appeal lack merit.
For these reasons, we affirm the order granting a new trial.
FLETCHER, J., concurs.