939 So.2d 319 (2006)
JUAN CARLOS CORDOBA, YOLANDA M. CORDOBA, and WOTCHILD GIBBS, Appellants,
v.
DERICK and DIANNA RODRIGUEZ, Individually and as Husband and Wife, Appellees.
No. 4D05-3250.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Patrick B. Flanagan of Flanagan, Maniotis & Berger, P.A., West Palm Beach, for appellants.
Jane Kreusler-Walsh and Barbara J. Compiani of Jane Kreusler-Walsh, P.A., and Bettye J. King of Law Office of Bettye J. King, West Palm Beach, for appellees.
SHAHOOD, J.
This is an appeal by Juan Carlos Cordoba, Yolanda M. Cordoba, and Wotchild Gibbs (appellants) from a final order granting appellees' motion for a new trial. Appellants raise three issues on appeal. We affirm on all issues, writing only to address the first issue raised.
Appellees, Derick Rodriguez and Dianna Rodriguez, brought an action seeking damages for personal injuries sustained in an automobile accident. Appellants admitted liability and did not allege comparative negligence. The only issue at trial was damages.
The jury returned a verdict in favor of appellees in an amount to compensate them for past and future medical expenses, but found they had sustained no permanent injury and were, therefore, not entitled to an award of non-economic damages. Initially, appellants urge that the trial court erred in finding that the reference made to the "Palm Beach Post" during cross-examination by the orthopedic surgeon, Dr. Harry Lambe, who performed the independent medical examination (IME), constituted grounds for a new trial.
Dr. Lambe testified at trial that there was no evidence that either of the appellees sustained any permanent injury as a result of the accident. On cross-examination, appellees' counsel questioned Dr. Lambe with respect to his determination that appellees had not sustained any permanent injury. The following transpired:
Q. Why did you disbelieve them?
A. In my experience, these kind of injuries usually heal. People with soft tissues strains to their neck and back heal. In Florida, 99 percent of motor vehicle accidents result in lawsuits where people are claiming personal injuries.
Q. Excuse me? 99 percent of automobile accidents result in lawsuits?
A. According to the Palm Beach Post. And in each of those lawsuits, a patient is claiming permanent injury. Now commonsense tells us that not every person who claims personal injury is injured. In fact, in other countries where we don't have a tort  where they don't have tort systems such as eastern Europe 
Q. We don't live in eastern Europe, Dr. Lambe.
A. You're right. But they have automobile accidents in eastern Europe.
. . . .
Q. Dr. Lambe, we don't care what happens in eastern Europe. We're talking about what happened to the Rodriguez's on December 11, 2003. And I want to go back to my 
A. Ms. King, you asked me for the basis of my opinion and I'm trying to give you the basis for that opinion.
. . . .
Q. I am talking about  my original question to you was; do you have any reason to believe these people when they told you that they had an onset of pain following this accident and that pain has continued to varying degrees up until today? You don't have any reason to disbelieve them other than perhaps something you read in the Palm Beach Post that has zero to do with these people? You're going to lump them into that category just because?
A. You asked me the basis of my disbelief of them. And I was trying to explain that basis of my disbelief.
Generally, a motion for a new trial based on an error occurring during the trial will not be granted unless the moving party had previously made an objection during trial at the time of the alleged error. See Wasden v. Seaboard Coast Line R.R. Co., 474 So. 2d 825 (Fla. 2d DCA 1985), disapproved on other grounds by Murphy v. Int'l Robotic Sys., Inc., 766 So. 2d 1010 (Fla. 2000). The standard of review of an order granting a new trial based on incidents occurring during trial is whether the trial court abused its discretion. See North v. Altech Yachts, Inc., 815 So. 2d 643 (Fla. 4th DCA 2002). However, where a trial court grants a new trial on the ground of unpreserved error, the court is not operating within the area of its discretion, and the ruling will be upheld only if the error corrected was fundamental. See Murphy, 766 So. 2d 1010.
Here, the alleged error is an expert witness's reference to an outside source to backup his opinion. No objection was made. This is unpreserved error and must be reviewed under a fundamental error analysis to see whether the trial court abused its discretion.
"Fundamental error," for purposes of granting a new trial, means an error which deprives a party of a fair trial or an error which objection or a curative instruction could not correct; such error gravely impairs the dispassionate and calm consideration of the evidence and merits by the jury. See Anderson v. Watson, 559 So. 2d 654 (Fla. 2d DCA 1990). Whether an error is fundamental is reviewed on appeal as a question of law. See Goutis v. Express Transp., Inc., 699 So. 2d 757, 759 (Fla. 4th DCA 1997), rev. dismissed, 705 So. 2d 901 (Fla. 1998), disapproved on other grounds, Murphy, 766 So. 2d 1010.
Here, Dr. Lambe, an expert in orthopedic medicine, cited the Palm Beach Post to support his opinion as to the appellees' injuries. Medical expert testimony concerning the causation of a medical condition will be considered pure opinion testimony and admissible when it is based solely on the expert's training and experience. See Gelsthorpe v. Weinstein, 897 So. 2d 504, 510 (Fla. 2d DCA 2005). However, expert testimony which "relies on some scientific principle or test . . . implies infallibility not found in pure opinion testimony." Flanagan v. State, 625 So. 2d 827, 828 (Fla. 1993). Although there was no explanation of how the Palm Beach Post gathered and used the statistics to determine that 99 percent of automobile accidents result in lawsuits, the mere mention of this provides credibility to the expert's opinion not available to the opposing expert.
An expert bolstering his own opinion by inadmissible evidence deprives the parties of a fair trial. See Phillip Morris, Inc. v. Janoff, 901 So. 2d 141, 144, 145 (Fla. 3d DCA 2004) (error to permit expert to be questioned on re-direct examination by "identifying specific authoritative publications and asking whether they lacked articles stating that exposure to ETS [environmental tobacco smoke] causes chronic sinusitis." The examination "was solely to bolster the defense expert's opinion by showing that his opinion must be correct because it was supported by the lack of articles stating otherwise."). Furthermore, witnesses may not testify to matters that fall outside of their area of expertise. See Jordan v. State, 694 So. 2d 708, 715 (Fla. 1997). We hold the error in this case was fundamental.
Appellant also argues that appellee "invited error" by the cross-examination of Dr. Lambe. We disagree. "[U]nder the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal." Goodwin v. State, 751 So. 2d 537 (Fla. 1999). The primary consideration in deciding whether a party has opened the door to comments on cross-examination is whether the witness's answer is responsive to the question asked. See Cartwright v. State, 885 So. 2d 1010, 1014 (Fla. 4th DCA 2004). If it is, then it is considered invited error. See Terry v. State, 668 So. 2d 954, 962 (Fla. 1996); Sneed v. State, 736 So. 2d 1274, 1275 (Fla. 4th DCA 1999).
Here, Dr. Lambe was asked why he disbelieved the appellees concerning their injuries. This question sought a medical opinion, based on a medical diagnosis, not an interpretation of statistical data from the news media involving accidents and lawsuits in the United States and/or Eastern Europe. Dr. Lambe's answer was not invited. The jury in this case was entitled to expect from Dr. Lambe, based on the question asked, a well-reasoned medical opinion based on reasonable medical probability. It did not receive such a response, but rather received an opinion based upon printed news media.
We hold the other issues argued by appellant are also without merit and affirm.
Affirmed.
STONE, J., concurs.
HAZOURI, J., concurs specially with opinion.
Not final until disposition of timely filed motion for rehearing.
HAZOURI, J., concurring specially.
I have some reservation as to whether Dr. Lambe's testimony concerning the article in the Palm Beach Post rises to the level of fundamental error. Nonetheless, I join in the majority because Dr. Lambe is a professional witness who testifies regularly for defendants in personal injury litigation and is well aware that this testimony is highly improper. It is disingenuous to argue that this was invited error. It is extremely unlikely that as a board certified orthopedic physician, Dr. Lambe customarily relies on articles printed in a local newspaper as a basis for his medical diagnoses and opinions. Therefore, I concur that the trial court is in the best position to determine the prejudicial impact of this highly improper testimony.