WARNER, J.,
concurs specially.
I concur in the majority opinion. I write to address the closing argument. I would find that the prosecutor’s closing *394 argument was egregious and would require a new trial even in the absence of the evidentiary errors. In particular, on several occasions the prosecutor made prejudicial statements without any evidentiary support or even a plausible inference from the evidence presented. For instance, the prosecutor suggested that the appellant was stressed by her life and by her domineering father and that she had no future. As noted in the majority, the prosecutor also argued without any support that the separation from the baby’s father caused the appellant to disconnect and ignore the baby. As well, the prosecutor hit the hot-button issue of illegal immigrants, something sure to inflame the jury.
The prosecutor suggested that the child was unwanted and was just another mouth to feed, which the family could not afford. That the mother may have neglected her own child to the extent that she was starving him to death is akin to the fundamentally erroneous closing argument in Stephenson v. State, 31 So.3d 847 (Fla. 3d DCA 2010), where the prosecutor charged that the defendant had neglected her baby, causing its death, because the child was unwanted, and commented that the mother had contemplated having an abortion prior to the child’s birth. While abortion was not mentioned in this case, the prosecutor described the child from the defendant’s perspective as “one more mouth to feed” and the family “just could not afford” to feed the child, claiming that the defendant simply wanted to be done with this burden.
These are completely unfair and inflammatory characterizations of the evidence and are not the only examples. Most objections were overruled, but even if they had been sustained, I believe that some of the comments were so inflammatory that they so “gravely impair[ed] the dispassionate and calm consideration of the evidence and merits by the jury” that they deprived this defendant of a fair trial. See Cordoba v. Rodriguez, 939 So.2d 319, 322 (Fla. 4th DCA 2006). As our supreme court explained many years ago, “[Tjhere are situations where the comments of the prosecutor so deeply implant seeds of prejudice or confusion that even in the absence of a timely objection at the trial level it becomes the responsibility of this court to point out the error and if necessary reverse the conviction.” Pait v. State, 112 So.2d 380, 384 (Fla.1959). For me, this is one of those cases.