PER CURIAM.
The appellant, InteliStaf Healthcare, Inc., raises three issues on appeal, only one of which merits discussion. The appellant argues that, if there is a new trial, the trial should encompass damages as well as liability. We agree and affirm the trial court’s order granting a new trial as to liability, but remand for a new trial on both liability and damages.
In the order below, the trial court found that the cumulative effect of InteliStafs misconduct as a whole created an environment “so prejudicial and inflammatory that it denied Plaintiffs their right to a fair trial.” However, the trial court found that the misconduct warranting a new trial did not affect the determination of compensatory damages; therefore, it granted a new trial only as to the apportionment of liability.
In Purvis v. Inter-County Telephone & Telegraph Co., the supreme court held, “the majority rule is that a new trial may be limited to the question of liability when it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party.” 173 So.2d 679, 681 (Fla.1965) (citation omitted). In the instant case, the trial court granted a new trial after finding various instances of misconduct that extended from the beginning of the trial to the end. Because we cannot determine that the cited instances of impropriety did not bleed into the determination of damages, we reverse the portion of the trial court’s order granting a new trial on the issue of liability only and remand for a new trial on liability and damages.
AFFIRMED in part, REVERSED in part, and REMANDED.
VAN NORTWICK and ROBERTS, JJ., and DEMPSEY, ANGELA, Associate Judge, concur.