SUAREZ, J.
Otis J. McDuffie appeals the grant of a motion for new trial and petitions for a writ of prohibition to restrain the trial judge from presiding on the case and to quash the order granting a new trial. We affirm the order below granting a new trial and deny the petition for writ of prohibition.
After a malpractice jury verdict in favor of the appellant, Otis J. McDuffie, the trial judge, granted a motion for new trial on grounds of improper use of a textbook during direct and cross examination at trial, improper inference concerning the use of steroids and improper comments in closing argument. An appeal was taken from the trial court’s order. This Court relinquished jurisdiction to the trial court for entry of an order specifying the particular grounds that served as a basis for the trial *948 court’s order granting a new trial. See Fla. R. Civ. P. 1.530(f). In compliance, the trial court filed an order granting new trial and stated the court’s grounds supporting the grant of a new trial. McDuffie filed a petition for writ of prohibition to prohibit the trial judge from presiding over the case and to quash the new trial order filed in compliance with Florida Rule of Civil Procedure 1.530(f). The parties filed a second set of briefs, and oral argument was rescheduled.
After this Court’s consideration of all of the issues presented on appeal, we conclude the complained of errors cumulatively rose to the level where they permeated the entire trial and were fundamental so as to deprive the appellee, Dr. Uribe, of a fair trial. We therefore do not find that the trial judge abused his discretion by ordering a new trial. Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998). Accordingly, we affirm the order below and remand for a new trial. See § 90.706, Florida Statutes (2011); Linn v. Fossum, 946 So.2d 1032 (Fla.2006), and cases cited at 1039; Griffith v. Shamrock Vill., 94 So.2d 854 (Fla.1957); City of Orlando v. Pineiro, 66 So.3d 1064 (Fla. 5th DCA 2011); Phillip Morris, Inc. v. Janoff, 901 So.2d 141 (Fla. 3d DCA 2004); Cedars Med. Ctr., Inc. v. Ravelo, 738 So.2d 362 (Fla. 3d DCA 1999); Kaas v. Atlas Chem. Co., 623 So.2d 525 (Fla. 3d DCA 1993); Tallahassee Mem’l Reg’l Med. Ctr. v. Mitchell, 407 So.2d 601 (Fla. 1st DCA 1981).
Affirmed[1]; petition for writ of prohibition denied.

. Upon remand, a new trial shall be conducted on liability and damages. See InteliStaf Healthcare, Inc. v. Gervato, 91 So.3d 267 (Fla. 1st DCA 2012).