LAWSON, J.
Anthony Horsley, Jr. appeals his convictions for first-degree felony murder, robbery with a firearm while inflicting death, and two counts of aggravated assault with a firearm. He also appeals his resentenc-ing to life without parole on the murder count. Regarding his resentencing, Hors-ley, who was seventeen years old at the time of these offenses, argues that the trial court erred by rejecting the idea that it had discretion under Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), to sentence him to a term of years. Miller held that a mandatory life sentence without parole for capital murders committed by juveniles — the only sentence allowed by section 775.082(1), Florida Statutes — violated the Eighth Amendment to the United States Constitution. Although this issue has been addressed by the First, Second and Third Districts, none of them have given definitive direction to trial courts regarding the available sentencing alternatives after Miller. See Neely v. State, — So.3d -, 2013 WL 1629227, 38 Fla. L. Weekly D851 (Fla. 3d DCA Apr. 17, 2013); Hernandez v. State, 117 So.3d 778 (Fla. 3d DCA 2013); Walling v. State, 105 So.3d 660 (Fla. 1st DCA 2013); Partlow v. State, — So.3d -, 2013 WL 45743, 38 Fla. L. Weekly D94 (Fla. 1st DCA Jan.4, 2013); Washington v. State, 103 So.3d 917, 920 (Fla. 1st DCA 2012); Rocker v. State, - So.3d -, 2012 WL 5499975, 37 Fla. L. Weekly D2632 (Fla. 2d DCA Nov.14, 2012). Applying the principle of statutory revival, we hold that the only sentence now available in Florida for a charge of capital murder committed by a juvenile is life with the possibility of parole after twenty-five years. Accordingly, we vacate the life without parole sentence on the murder charge, and remand for resentencing on that charge only. We affirm in all other *1132 respects. Although Horsley argues -that several alleged errors warrant a new trial on all charges, we find that none of the other issues raised by Horsley merit relief or further discussion.
With respect to the sentencing issue on which we have granted relief, we also find further elaboration to be largely unnecessary in light of two thorough and well-reasoned opinions out of the First District, authored by Judges Wolf and Makar. In a concurring opinion, Judge Wolf disagreed with the majority’s failure to provide guidance to the trial court regarding the possible sentencing options available on remand, and thoroughly analyzes the available alternatives. Washington, 103 So.3d at 920 (J. Wolf, concurring). Judge Wolf advocates for allowing judicial discretion to select a term of years sentence for those cases where life without parole would not be permitted by Miller — and a life without parole sentence for the rare case[1] where Miller would allow that sentence. Id.
In a competing thorough and thoughtful analysis, with which we fully agree, Judge Makar concluded that statutory revival should be used to revive the 1993 version of section 775.082(1), Florida Statutes, which mandated a sentence of life with the possibility of parole after twenty-five years. Partlow v. State, — So.3d -, 2013 WL 45743, 38 Fla. L. Weekly D94, 96-97 (Makar, J., concurring in part and dissenting in part). As noted by both Judges Wolf and Makar, the judiciary’s role in a case like this — where a legislative enactment is declared unconstitutional and the alternative of having no option to address the subject would be untenable-is largely guided by the doctrine of separation of powers. In other words, the judiciary is attempting to fill a statutory gap while remaining as faithful as possible to expressed legislative intent, but also attempting to avoid judicial intermeddling by crafting our own statute to address the issue with original language. The advantage of relying upon the doctrine of statutory revival is that we simply revert to a solution that was duly adopted by the legislature itself — thereby avoiding the type of “legislating from the bench” that would be required if we were to essentially rewrite the existing statute with original language which we feel might better meet the policy goals of the current legislature. And, while we are certainly cognizant of the fact that the legislature of late appears to be less than enamored with the concept of parole, we also note that the legislature has always been adverse to judicial discretion in sentencing in homicide cases, which could result in a perceived “lenient” term of years sentence in a case of this type. We also strongly believe that many of the considerations outlined in Miller would be far better addressed years after sentencing in a parole-type setting, once the juvenile has matured into an adult and his or her conduct during decades of confinement has been evaluated, than through the forward-looking speculation necessitated if these issues are to be addressed with finality at the time of sentencing.
Our resolution of the sentencing issue renders moot Horsley’s argument that the trial court’s attempt to address the individual mitigation factors required by Miller was inadequate, rendering his life without parole sentence illegal for failure to fully comply with the dictates of Miller.
Finally, consistent with our agreement with Judge Makar’s opinion in PaHlow, we certify to the Florida Supreme Court as a matter of great public importance the fol *1133 lowing question: “Whether the Supreme Court’s decision in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which invalidated section 775.082(l)’s mandatory imposition of life without parole sentences for juveniles convicted of first-degree murder, operates to revive the prior sentence of life with parole eligibility after 25 years previously contained in that statute?” Partlow, — So.3d at - n. 16, 2013 WL 45743, 38 Fla. L. Weekly at 98 n. 16 (J. Makar, J., concurring in part and dissenting in part).
AFFIRMED in part; REMANDED with instructions for resentencing on single charge.
ORFINGER and WALLIS, JJ., concur.

. See Miller, 132 S.Ct. at 2469 ("appropriate occasions for sentencing juveniles to this harshest possible penalty [life without parole] will be uncommon”).