OSTERHAUS, J.,
specially concurring.
In the wake of Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), and Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), I think the trial judge’s decision to resentence the juvenile defendant in this case to forty years without parole on the murder charge finds express statutory support in Florida’s sentencing statute, section 775.082, Florida Statutes. In short, while federal caselaw has eviscerated Florida’s ability to sentence juveniles as “capital” felons under § 775.082(1) and (2), Mr. Thomas may be sentenced as a “life” felon under § 775.082(3)(a)3 because his crime is punishable by a maximum term of imprisonment for life. And because his forty-year sentence squarely comports with § 775.082(3)(a)3’s sentencing provision for life felonies, it can be affirmed.
A.
Since the United States Supreme Court’s decision in Miller, this Court has not fully addressed the resentencing options available to Florida’s trial courts in murder cases involving juvenile offenders, even as case after case has been remanded for resentencing. But two primary views of resentencing have emerged. One view would have trial courts sentence juvenile offenders in Miller-related cases to a substantial term of years without parole eligibility. See Washington v. State, 103 So.3d 917, 920-22 (Fla. 1st DCA 2012) (Wolf, J., concurring). Judge Wolfs concurrence in Washington analyzed the available sentencing options and concluded that resen-tencing to a term of years without the possibility of parole “is the closest to the legislative expression of intent and involves the least rewriting of the statute[.]” Id. at 922.
The other view would require trial courts to grant parole when resentencing juvenile offenders under Miller. See Partlow v. State, 134 So.3d 1027 (Fla. 1st DCA Jan.4, 2013) (Makar, J., concurring in part and dissenting in part). Judge Makar concluded that the 1993 version of § 775.082(1) should be revived and juvenile offenders afforded the possibility of parole after serving twenty-five years of their sentence. In Horsley v. State, the Fifth District Court of Appeal adopted Judge Makar’s statutory revival perspective. 121 So.3d 1130 (5th DCA 2013), rev. granted, — So.3d-, 2013 WL 6224657 (Fla. 2013). It held that “the only sentence now available in Florida for a charge of capital murder committed by a juvenile is life with the possibility of parole after twenty-five years.” Id. at 1131 (emphasis added). In taking the parole-reviving route, Horsley leaned heavily on a perception of legislative hostility toward “judicial discretion in sentencing in homicide cases” and leniency in sentencing, but at the same time acknowledged the legislature’s dim view of parole: “[W]e are certainly cognizant of the fact that the legislature of late appears to be less than enamored with the concept of parole[.]” Id. at 1132.[1]
*592 B.
Which brings us to this case. After conducting an individualized assessment, the trial court here resentenced Mr. Thomas to forty years without parole for first degree murder. I think this is a permissible sentence not only for purposes of Miller;[2] but because it finds express support in what is left of Florida’s sentencing statute as applied to juveniles after Roper and Miller.
Mr. Thomas’s first-degree murder offense can now only be considered an “other ... life felony” for purposes of § 775.082(3) because federal caselaw has abrogated both possible “capital felony” sentences for juvenile offenders-death and mandatory life without parole. First, Roper foreclosed the imposition of a capital sentence in cases involving juveniles, effectively invalidating subsection (1) of § 775.082. The maximum penalty in cases like this one is life, not death. And “capital” offenses are defined by their penalty; they are offenses punishable by death. See Donaldson v. Sack, 265 So.2d 499, 501-02 (Fla.1972).
Second, by insisting that life sentences for homicide offenses should be “uncommon” for juvenile offenders, Miller foreclosed Florida from universally applying the only default sentence provided for capital felonies in § 775.082(1) and (2) — mandatory life imprisonment without parole. See Miller, 132 S.Ct. at 2469, 183 L.Ed.2d 407. This case differs from Rusaw v. State, 429 So.2d 1378, 1380 (Fla. 2d DCA 1983) approved by 451 So.2d 469 (Fla. 1984), where child sexual battery was held to remain a “capital” crime after the death penalty was declared unconstitutional. The court in Rusaw determined that child sexual battery remained a capital crime because the alternative mandatory life sentence for capital crimes under § 775.082(2) was still applicable. That is not the case here. Under Miller, Florida’s alternative mandatory life sentence is not automatically available for juvenile offenders. And so, Miller has effectively unraveled § 775.082’s entire capital felony sentencing regime by foreclosing the imposition of either death or alternative mandatory life sentences in cases like this one.
What is left of § 775.082 for juvenile offenders in Mr. Thomas’s position in the wake of Roper and Miller is the provision addressing life felonies in § 775.082(3). While his offense can no longer be considered a “capital felony” for purposes of the sentencing statute, it remains potentially punishable by life imprisonment — a “life felony.” In § 775.082(3)(a)3, the legislature has established two penalty options for life felonies committed on or after July 1, 1995: “imprisonment for life or by imprisonment for a terms of years not exceeding life imprisonment.” Because Mr. Thomas’s forty-year sentence comports with one of the sentencing options provided for by the legislature in § 775.082(3)(a)3 — a term of years not exceeding life — his sentence comports with *593 law.[3]
Finally, the fact that Thomas’s forty-year sentence excludes the possibility of parole is fully consistent with the legislature’s decision many years ago to eliminate parole. Florida law makes no provision for parole in the circumstances involved here. As Judge Wolf noted in Washington: “Our Legislature has repeatedly, arguably unwisely, eschewed the alternative of parole.” 103 So.3d at 921 (citing §§ 921.001(4), (8), Fla. Stat. (1985) (abolishing parole for noncapital felonies); § 775.082, Fla. Stat. (1997) (abolishing parole for capital felonies); § 921.002(l)(a)(5), Fla. Stat. (1997) (stating chapter 947, which relates to parole, shall not apply to those sentenced under the Criminal Punishment Code)). Of course, this conflicts with the Fifth District’s holding in Horsley that “the only sentence now available in Florida for a charge of capital murder committed by a juvenile is life with the possibility of parole after twenty-five years.” 121 So.3d at 1131. But because the “life felony” provision in § 775.082(3)(a)3 now applies to Mr. Thomas’s circumstances post Roper and Miller, and the legislature has expressly disapproved of parole, I cannot conclude that the trial court erred by resentencing him to a substantial term of years without parole.

. It bears repeating that the courts have struggled diligently since Miller trying to harmonize Florida's sentencing provisions with the decision, "("attempting to fill a statutory gap while remaining as faithful as possible to expressed legislative intent [and] to avoid judicial intermeddling by crafting our own statute to address the issue with original language”).” Horsley, 121 So.3d at 1132.

. The sentence does not run afoul of Miller because (1) Mr. Thomas’s sentence is now just forty years (whereas Miller addressed only life sentences), cf. Thomas v. State, 78 So.3d 644 (Fla. 1st DCA 2011) (holding that a fifty-year sentence did not violate the life-without-parole dictates of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)); and (2) a Miller-required individualized assessment was completed in this case, which allows for even a life sentence without parole to be imposed. See, e.g., Washington, 103 So.3d at 919-20 (affirming that life without the possibility of parole remains a permissible sentence as long as the trial court examines the mitigating factors); Copeland v. State, 129 So.3d 508, 510 (Fla. 1st DCA 2014); Hernandez v. State, 117 So.3d 778, 783-84 (Fla. 3d DCA 2013).

. The trial court’s decision to impose a substantial term of years sentence instead of life imprisonment takes account of Miller’s directive that life should be uncommonly imposed. Record support for the lesser sentence includes: (1) the jury’s finding that Mr. Thomas did not possess or use the firearm that killed the victim; and (2) the trial court’s observation that a term of years sentence was appropriate because Mr. Thomas "was not a major participant of what was going on.”