KHOUZAM, Judge.
Julio C. Rodriguez-Giudicelli appeals his judgment and sentence for first-degree premeditated murder. We affirm in all respects. We write to address Rodriguez-Giudieelli’s argument that the trial court reversibly erred when it applied the doctrine of statutory revival and sentenced *948 him to life in prison with parole eligibility-after twenty-five years pursuant to section 775.082(1), Florida Statutes (1993).
Rodriguez-Giudicelli was seventeen years old when he shot Nolsen Careaga to death on April 12, 2010. Prior to the United States Supreme Court’s opinion in Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the only sentence a trial court in Florida could impose for premeditated murder committed by a juvenile was life in prison without the possibility of parole. See Washington v. State, 103 So.3d 917, 918 (Fla. 1st DCA 2012) (observing that the only two sentences available under the 2009 version of section 775.082(1) for capital felonies were death or mandatory life without the possibility of parole, and that Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), had invalidated the death penalty for defendants who were juveniles at the time the offense was committed). But Miller held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” 132 S.Ct. at 2469. Consequently, in the wake of the Miller decision, Florida courts have struggled with the difficult task of determining what sentence to impose when all reasonable options have been legislatively or judicially foreclosed.
In a concurring opinion in Partlow v. State, 134 So.3d 1027 (Fla. 1st DCA 2013), Judge Makar provides a well-reasoned resolution to this conflict. Applying the concept of statutory revival discussed in B.H. v. State, 645 So.2d 987 (Fla.1994), Judge Makar “would hold that the operative sentencing language of the 1993 version of section 775.082(1) is revived and juvenile offenders should be [jsentenced to life with the possibility of parole after 25 years.” 134 So.3d at 1032. Acknowledging that the Florida Legislature has since repealed the language authorizing this sentence — thereby demonstrating a legislative intent that it no longer be imposed — Judge Makar observes that statutory revival is nevertheless appropriate under these circumstances because the alternative would “‘result in a “hiatus” in the law that would be intolerable to society’ ... due to the lack of a penalty for the commission of first-degree murder by a juvenile.” Id. at 1033 (quoting B.H., 645 So.2d at 995). Moreover, a sentence of life with the possibility of parole after twenty-five years would be consistent with Miller, which, “[fjairly read, ... does not require individualized sentencing of juveniles for anything other than sentences of life without parole.” Id. at 1037.
Judge Makar’s analysis has gained traction in other Florida Appellate courts. In Horsley v. State, 121 So.3d 1130,1131 (Fla. 5th DCA 2013), review granted, 2013 WL 6224657 (Fla. Nov. 14, 2013), the Fifth District “fully agree[d]” with Judge Makar’s analysis in Partlow and unambiguously held “that the only sentence now available in Florida for a charge of capital murder committed by a juvenile is life with the possibility of parole after twenty-five years.” Additionally, in an opinion concurring in part and dissenting in part in Toye v. State, 133 So.3d 540, 547 (Fla. 2d DCA 2014), the same analysis was applied to conclude that a juvenile convicted of felony murder should be sentenced under the 1993 version of section 775.082(1).
Consequently, we hold that the trial court did not err when it applied the doctrine of statutory revival to sentence Rodriguez-Giudicelli pursuant to the 1993 version of section 775.082(1) for a premeditated murder committed when he was a minor. As the Fifth District did in Horsley, we certify the following question to the Florida Supreme Court as a matter of great public importance:
*949 WHETHER THE SUPREME COURT’S DECISION IN MILLER V. ALABAMA, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), WHICH INVALIDATED SECTION 775.082(1)’S MANDATORY IMPOSITION OF LIFE WITHOUT PAROLE SENTENCES FOR JUVENILES CONVICTED OF FIRST-DEGREE MURDER, OPERATES TO REVIVE THE PRIOR SENTENCE OF LIFE WITH PAROLE ELIGIBILITY AFTER 25 YEARS PREVIOUSLY CONTAINED IN THAT STATUTE?
Horsley, 121 So.3d at 1132-33.
Affirmed; question certified.
KELLY and WALLACE, JJ., Concur.