DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JAVAROUS DAWSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D11-2428 and 4D13-871

[July 16, 2014]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 05-12431 CF10A.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals his sentence for first-degree murder. He argues that, pursuant to *Miller v. Alabama,* —— U.S. ——, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the trial court erred in sentencing him, as a minor, to life in prison without the possibility of parole, and that a new sentencing hearing contemplated by *Miller* must occur on remand. We agree.

In *Miller*, the United States Supreme Court held:

[T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. . . . Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.

*Id.* at 2469 (footnote omitted).

The state concedes that the defendant's sentence violates *Miller*. However, the state argues that the new sentencing hearing contemplated by *Miller* is unnecessary. According to the state, the proper remedy is to revert to the earlier constitutional sentence for a capital felony of life with the possibility of parole after twenty-five years. *See* § 775.082(1), Fla. Stat. (1993).

Our sister courts are divided on whether the new sentencing hearing contemplated by *Miller* must occur on remand or whether a defendant's sentence must revert to life with the possibility of parole after twenty-five years. *Compare Hernandez v. State,* 117 So. 3d 778, 783 (Fla. 3d DCA 2013) ("Under *Miller,* while a sentence of life without parole remains constitutional in homicide cases, the sentencing court must be free to impose a lesser sentence when the defendant's youth or the circumstances of the crime so indicate."), and *Washington v. State,* 103 So. 3d 917, 920 (Fla. 1st DCA 2012) ("The better course calls for this Court to exercise restraint and for the parties to make their case before the trial court, where testimony may be taken, evidence presented, and argument made on all material issues to include the potential range of sentencing options."), *with Horsley v. State,* 121 So. 3d 1130, 1131 (Fla. 5th DCA 2013) ("[T]he only sentence now available in Florida for a charge of capital murder committed by a juvenile is life with the possibility of parole after twenty-five years."), *rev. granted,* Nos. SC13-1938 & SC13-2000, 2013 WL 6224657 (Fla. Nov. 14, 2013).

This court, however, already has followed *Miller* to direct a trial court, on remand, "to conduct further sentencing proceedings and expressly consider whether any of the numerous 'distinctive attributes of youth' referenced in *Miller* apply." *Daugherty v. State,* 96 So. 3d 1076, 1080 (Fla. 4th DCA 2012). *See also Juarez v. State*, No. 4D11-3724, 39 Fla. L. Weekly D940, 2014 WL 1796006 (Fla. 4th DCA May 7, 2014); *Brighton v. State*, No. 4D11-3740, 39 Fla. L. Weekly D810, 2014 WL 1464695 (Fla. 4th DCA Apr. 16, 2014).

We maintain the same position here. Thus, we vacate the defendant's sentence and remand for a new sentencing hearing contemplated by *Miller*. We certify conflict with *Horsley*.

*Sentence vacated; remanded for resentencing.*

TAYLOR, CIKLIN, and GERBER, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*