DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CARL LEE BOOTH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D10-5202

[September 3, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry Cohen, Judge; L.T. Case No. 2008CF016099AXX.

Carey Haughwout, Public Defender, John Pauly and Ellen Griffin, Assistant Public Defenders, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Carl Lee Booth appeals his convictions and sentences for first-degree murder and attempted robbery. He argues that the trial court erred in denying his motion to suppress his confession and that his mandatory sentence to life without parole violates the dictates of *Miller v. Alabama*, 132 S. Ct. 2455 (2012). We affirm the trial court's denial of Booth's motion to suppress without further comment. However, we reverse Booth's mandatory sentence to life without parole and remand for resentencing in accordance with *Miller*.

By way of background, this case involves a shooting that took place in September 2008. The victim was killed by a single shot as he and his friends were leaving a dance at a Boys and Girls Club. At trial, the evidence showed that on the night of the murder, several shots were fired from two different guns and that Booth was one of the shooters. The jury found Booth guilty of first-degree murder and attempted robbery. At that time, first-degree murder was punishable by death or by life without the possibility of parole. *See* § 775.082(1), Fla. Stat. (2008). The trial court

could not impose the death penalty because Booth was only seventeen at the time of the crime. *See Roper v. Simmons,* 543 U.S. 551, 578 (2005) ("The Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed."). Recognizing that "[t]he law, right or wrong, leaves this court with no real discretion," the trial court imposed the mandatory sentence of life without parole for Booth's murder conviction and five years for the attempted robbery.

On appeal, Booth argues that his sentence to life without parole is unconstitutional in light of the Supreme Court's holding in *Miller.*[1] We agree and reverse. "Because we review [Booth's] sentence in the context of a constitutional violation, our review is *de novo.*" *Guzman v. State,* 68 So. 3d 295, 297 (Fla. 4th DCA 2011) (citing *Zingale v. Powell,* 885 So. 2d 277, 280 (Fla. 2004)).

In *Miller,* the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S. Ct. at 2469. Though *Miller* does not completely foreclose a sentencing court's ability to sentence a juvenile to life without parole in homicide cases, the Court cautioned that "appropriate occasions for . . . this harshest possible penalty will be uncommon" and required that sentencing courts consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.*

We recently applied *Miller* in *Brighton v. State,* 141 So. 3d 579 (Fla. 4th DCA 2014). There, the appellant was convicted of two counts of first-degree murder and sentenced to a mandatory term of life in prison without the possibility of parole. *Id.* at 580. Because the appellant was only sixteen at the time of the offense, we held that his sentence was unconstitutional under *Miller* and reversed and remanded for resentencing. *Id.* at 582, 584. In so holding, we noted that:

> *Miller* provides little direction on what the trial court may or may not do regarding the differing possible sentencing permutations. We do know, at a minimum, that the trial court may sentence a juvenile defendant to life without

---

[1] *Miller* applies to Booth's case because it was decided while this appeal was pending. *See Schriro v. Summerlin,* 542 U.S. 348, 351 (2004) (quoting *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987)) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review.").

parole where the trial court has considered all the *Miller* factors "should the court upon reconsideration deem such sentence justified."

*Id.* at 584 (quoting *Daugherty v. State,* 96 So. 3d 1076, 1080 (Fla. 4th DCA 2012)).

Our analysis in *Brighton* applies here. Booth was only seventeen at the time of the offense and, therefore, his mandatory sentence to life without parole is unconstitutional. Thus, we affirm Booth's conviction for first-degree murder and reverse and remand for resentencing consistent with *Miller.*

We note that since *Brighton,* the legislature made significant changes to the juvenile sentencing laws to account for the Supreme Court's holdings in *Roper* and *Miller. See* Ch. 14–220, Laws of Fla.; *see also* § 775.082, Fla. Stat. (2014). For instance, section 775.082(1), Florida Statutes, no longer mandates death or life without the possibility of parole for juveniles convicted of first-degree murder. *See* § 775.082(1), Fla. Stat. Unfortunately, the legislature did not specify how trial courts should deal with juvenile offenders, like Booth, whose crimes occurred before the new laws took effect. Though we recognize that our decision in this case once again leaves the trial court with "little direction" as to its resentencing options, our supreme court's pending review of the Fifth District's decision in *Horsley v. State,* 121 So. 3d 1130 (Fla. 5th DCA 2013), *review granted,* Nos. SC13-1938, SC13-2000 (Fla. Nov. 14, 2013), should provide further guidance on this issue.

*Affirmed in part, Reversed in part, and Remanded.*

TAYLOR and FORST, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

3