NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SHAWN A. TYSON,                                )
                                               )
                    Appellant,                 )
                                               )
v.                                             )        Case No. 2D12-2296
                                               )
STATE OF FLORIDA,                              )
                                               )
                    Appellee.                  )
_____)

Opinion filed September 24, 2014.

Appeal from the Circuit Court for Sarasota
County; Frederick A. Defuria, Judge.

Howard L. Dimmig, II, Public Defender, and
Terrence E. Kehoe, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


CASE, JAMES R., Associate Senior Judge.

          Shawn A. Tyson appeals his judgments and sentences for two counts of

first-degree murder.  We affirm his judgments without discussion.  However, as the

State concedes, we must reverse his sentences of life in prison without the possibility of

parole pursuant to the holding in Miller v. Alabama, 132 S. Ct. 2455 (2012), because Mr.

Tyson was sixteen years old when the crimes were committed.  In <u>Miller</u>, 132 S. Ct. at 2460-61, the Supreme Court held that a sentencing scheme requiring a mandatory sentence of life in prison without the possibility of parole for juvenile homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment.  We must therefore reverse Mr. Tyson's sentence and remand his case for a new sentencing hearing in compliance with <u>Rodriguez-Giudicelli v. State</u>, 39 Fla. L. Weekly D1089 (Fla. 2d DCA May 23, 2014).  As this court did in <u>Rodriguez-Giudicelli</u>, we certify the same question of great public importance:

> WHETHER THE SUPREME COURT'S DECISION IN <u>MILLER V. ALABAMA</u>, 132 S. Ct. 2455 (2012), WHICH INVALIDATED SECTION 775.082(1)'S MANDATORY IMPOSITION OF LIFE WITHOUT PAROLE SENTENCES FOR JUVENILES CONVICTED OF FIRST–DEGREE MURDER, OPERATES TO REVIVE THE PRIOR SENTENCE OF LIFE WITH PAROLE ELIGIBILITY AFTER 25 YEARS PREVIOUSLY CONTAINED IN THAT STATUTE?

39 Fla. L. Weekly at D1089.

Judgments affirmed, sentences reversed, and question certified.

LaROSE and CRENSHAW, JJ., Concur.